Case 1:17-cv-01051-MV-KBM   Document 1-2   Filed 10/19/17   Page 1 of 13

EXHIBIT 2

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/14/2017 11:35:11 AM
STEPHEN T. PACHECO
Jorge Montes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

SID CHILDRESS,

        Plaintiff,

v.                                    case no. D-101-CV-2017-02323

LIBERTY MUTUAL INSURANCE,             Case assigned to Ortiz, Raymond Z.

        Defendant.

## COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, THE UNFAIR PRACTICES ACT AND TORTS

TO THE HONORABLE COURT:

1.    Plaintiff Sid Childress ("Plaintiff") is a real person residing in Santa Fe County, New Mexico who may be contacted through his undersigned attorney.

2.    Defendant Liberty Mutual Insurance is an insurance company authorized to do business in the State of New Mexico and that does business in the State of New Mexico ("Defendant"). Defendant will be served a summons by service on its statutory agent.

3.    "Liberty Mutual Insurance" is an assumed or trade name used by Liberty Mutual Holding Company Inc. Defendant uses other aliases as well, such as "Safeco".

4.    Plaintiff's telephone is a wireless cell phone assigned the number 505-433-9823. Plaintiff's cell phone number 505-433-9823 at all relevant times has been continuously listed on the national do-not-call registry.

1

5.	Defendant has no regard or concern for the fact that any particular phone number may operate a wireless or cell phone or may be listed on the national do-not-call registry.

6.	Defendant intentionally, knowingly and willfully utilizes the services of third-party telemarketers who auto-dial and robo-call cell phones and phone numbers listed on the national do-not-call registry, for the purpose of making telephone solicitations for Defendant.

7.	Defendant is vicariously liable for the conduct of its telemarketers.

8.	Defendant or its telemarketers intentionally, knowingly and willfully utilize an automatic telephone dialing system and/or auto-dialer ("ATDS" or "auto-dialer") to place, make or initiate telephone calls to cell phones, without regard for whether the phones are cell-phones or may be listed on the national do-not-call registry.

9.	Defendant or its telemarketers intentionally, knowingly and willfully place, make or initiate telephone calls to cell phones, without regard for whether the phones are cell- phones or may be listed on the national do-not-call registry, and then when the phone is answered by the recipient of the call, they have a machine speak to the recipient with a pre- recorded message.

10.	To seek potential customers for its products and services, Defendant intentionally, knowingly and willfully uses an auto-dialer and telephone calls that direct pre-recorded messages to the recipients of the calls.

11.     On August 14, 2017 at approximately 10:22 AM mountain standard time Plaintiff received a call on his cell phone (number 505-433-9823). Plaintiff's Caller ID indicated this call was from "505-780-9813, Santa Fe, NM". When Plaintiff answered this call he was greeted by a machine that played a pre-recorded message.

12.     Defendant's pre-recorded message robot machine directly transferred Plaintiff, during the call, to a live person telemarketer employed by Defendant. The live telemarketer indicated his name was "Steve Ross" and that he was physically located in a call center in Dallas, Texas.

13.     Before the direct transfer of Plaintiff to Defendant's in-house telemarketer, well over 15 seconds had passed and Defendant or its telemarketer had never accurately identified themselves, their employer or the sponsor of the call, or provided any address or call-back phone number at which they could be reached. Instead, Defendant's pre-recorded message just used fake names, saying it was "Jason" from "Cheap Insurance Experts".

14.     Defendant's telemarketer caused Plaintiff's Caller ID to indicate its call to Plaintiff was from a local or 505 area code phone number, in order to mislead Plaintiff into the belief that the call was in fact from a local caller, so Plaintiff would be more likely to answer.

15.     Plaintiff began asking Defendant's in-house telemarketer ("Steve Ross") questions related to Plaintiff's interest in why he was being robo-called and who Defendant's telemarketer was that had interrupted Plaintiff's morning with an illegal, harrassive, privacy-invading robo-call. Defendant's in-house telemarketer hung up the phone on Plaintiff.

16. Defendant directly, substantially participated in and authorized all the unlawful conduct referred to above.

17. Plaintiff's conversation with Defendant's in-house telemarketer was recorded by Defendant and Defendant must produce a copy of the recording.

18. Defendant does business within the State of New Mexico because it and its telemarketers regularly, automatically, repeatedly telephone the telephones of New Mexico residents located within the State of New Mexico for the purpose of advertising products and services to New Mexico consumers. Defendant markets and sell goods and services throughout the State of New Mexico.

19. Plaintiff and his cell phone were physically located within Santa Fe, New Mexico at the time of the phone call described above.

20. This Court has jurisdiction and venue is proper.

21. Plaintiff has never had any established business relationship with Defendant.

22. Plaintiff has never consented to being auto-dialed or robo-called by this Defendant or any other telemarketer.

23. Plaintiff has never consented to being interrupted during work hours because an ATSD nuisance robot-caller trespassed on his cell phone.

4

24. Plaintiff has suffered concrete, particularized and de facto injury as a result of Defendant's conduct set forth above because he had his privacy invaded, he was harrassed and because he was intentionally subjected to a nuisance caused and created by Defendant.

25. Defendant is responsible for the telemarketing campaign described above that Plaintiff was victimized by.

26. Defendant had the authority and responsibility to prevent or correct the unlawful telemarketing practices that are the subject of this Complaint.

27. Defendant formulated, directed, controlled and/or participated in the unlawful telemarketing practices that are the subject of this Complaint.

28. Defendant directly and personally participated in, ratified, directed and/or authorized the unlawful telemarketing practices that are the subject of this Complaint.

29. Defendant personally established, approved and ratified the marketing policies and practices that are the subject of this Complaint, oversaw operations and was directly involved in the business practices the subject of this Complaint that violated the Telephone Consumer Protection Act (hereinafter "the TCPA") and the New Mexico Unfair Practices Act.

30. Plaintiff hereby brings this action pursuant to 47 U.S.C. § 227 to enjoin Defendant's unlawful behavior and require compliance with federal law regarding auto-dialers and robo-calls to wireless or cell phones and regarding unsolicited telemarketing to numbers listed on the national do-not-call registry.

31.     Plaintiff hereby brings this action pursuant to 47 U.S.C. § 227 to receive from Defendant $1500 for the telemarketing call to Plaintiff's cell-phone.

32.     Defendants' unlawful behavior set forth above is a nuisance, harassment, waste of Plaintiff's time, and is intentional, willful, wanton, knowingly wrong or reckless.

33.     Alternatively if the unlawful behavior set forth above was not intentional, willful, wanton, knowingly wrong or reckless, then it was negligent.

34.     Plaintiff has incurred actual damages as a result of Defendant's unlawful behavior set forth above.

35.     Plaintiff hereby sues Defendant for nuisance, trespass and intentional infliction of aggravation and distress.

36.     Plaintiff should have and recover judgment against Defendant for all his actual damages, for nominal damages, and for an amount of punitive or exemplary damages sufficient to set an example and deter in the future the conduct complained of by Defendant or others.  All actual, nominal and punitive or exemplary damages to Plaintiff total at least $25,000.00.

37.     Defendant's phone call to Plaintiff additionally violated the New Mexico Unfair Practices Act ("the UPA") because Defendant's telemarketer used fake and deceptive Caller ID to trick Plaintiff into answering the call.  Plaintiff answered Defendant's telemarketer's unlawful call because Plaintiff thought it was a local call from either a client or customer.  In

fact this call was initiated and directed into the forum State of New Mexico, from outside the State of New Mexico.

38.     Defendant and/or its telemarketer caused Plaintiff's Caller ID to indicate their call to Plaintiff was from a local or 505 area code phone number ("505-780-9813" from "Santa Fe, NM"), in order to mislead Plaintiff into the belief that the call was in fact from a local caller, so that Plaintiff would be more likely to answer.

39.     Plaintiff hereby brings this action pursuant to the New Mexico Unfair Practices Act, NMSA §§ 57-12-22 and 57-12-10, to recover Plaintiff's attorney fees and costs necessary for this matter, for his damages, and to enjoin Defendant's unlawful behavior and require compliance with federal and state law regarding the use of fake Caller ID, auto-dialers and robo-calls to cell or wireless phones.

Request for Class Certification pursuant to New Mexico Rule of Civil Procedure 1-023

40.     Plaintiff brings this case individually and also as a class action on behalf of all similarly situated New Mexico residents.

41.     Plaintiff brings this case individually and also as a class action on behalf of all New Mexico residents to whom Defendant or Defendant's telemarketers have directed telephone solicitations to their cell phones with an auto-dialer or by use of a pre-recorded message, and who when they answered these unlawful calls did not hear the true name of the sponsor of the call within 15 seconds.

7

42. Plaintiff brings this case individually and also as a class action on behalf of all New Mexico residents who have never had any established business relationship with Defendant, to whom Defendant or Defendant's telemarketers directed telephone solicitations with a phone call that appeared on the recipients' Caller ID as a phone call originating from the 505 area code.

43. Defendant and its telemarketers used a scripted, standardized sales pitch with all class-members.

44. All the non-named class members should recover at least $500 each from Defendant.

45. The injunctions Plaintiff seeks should extend to the benefit of all class members.

46. Common questions of law and fact exist as to all members of the Class, which predominate over any questions affecting only individual members of each Class.

47. Plaintiff and all the class-members have suffered concrete, particularized and de facto injury as a result of Defendant's conduct set forth above because they had their privacy invaded, were harrassed and were subjected to a nuisance caused and created by Defendant.

48. All class claims arise from the same practices and methods by Defendant and are all based on similar legal and factual theories.

49. When the common questions are resolved as to Plaintiff, they will also be resolved as to the members of the plaintiff class.

50. The prosecution of separate actions by individual members of the class would create risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant.

51. Defendant has acted on grounds generally applicable to the class as a whole, thereby making appropriate final relief with respect to the class as a whole.

52. The claims of the named Plaintiff are typical of the claims of the class he seeks to represent, which has the same or similar claims.

53. The members of the plaintiff class have suffered the same injuries and possess the same interests as the Plaintiff.

54. Plaintiff will fairly and adequately represent and protect the interests of the plaintiff class members and he has no interests antagonistic to those of the class members.

55. The expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the plaintiff class to seek redress individually.

56. The existing issues can be determined in a class action in a manageable, time-efficient yet fair manner.

57. Defendant has knowledge of who all the class-members are and the identities of the class members will be discovered from Defendant.

WHEREFORE, Plaintiff prays for entry of judgment for his actual, nominal, punitive and exemplary damages totaling at least $25,000; for injunctive relief pursuant to the Telephone Consumer Protection Act and the New Mexico Unfair Practices Act; and for such other and further relief as the court deems just, proper and lawful. Plaintiff prays the court certify the classes of Plaintiffs and enter judgment consisting of injunctive relief and $500 damages for each member of the class. Plaintiff requests an award of his attorney fees and costs.

                                RESPECTFULLY SUBMITTED,

By:   /s/ Sid Childress
       _____
       Sid Childress, Lawyer
       PO Box 2327
       Santa Fe, NM 87504
       childresslaw@hotmail.com
       (505) 433 - 9823
       Attorney for Plaintiff

FILED IN MY OFFICE
DISTRICT COURT CLERK
8/19/2017 11:51:42 AM
STEPHEN T. PACHECO
Francine Lobato

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

SID CHILDRESS,

        Plaintiff,

v.                                                case no.  D101-CV-2017-02323

LIBERTY MUTUAL INSURANCE,

        Defendant.

## REQUEST FOR JURY

Plaintiff hereby requests trial by 6-person jury and tenders his jury fee herewith.

                                                RESPECTFULLY SUBMITTED,

                        By:    /s/ Sid Childress
                              _____
                              Sid Childress, Lawyer
                              PO Box 2327
                              Santa Fe, NM 87504
                              childresslaw@hotmail.com
                              (505) 433 - 9823
                              Attorney for Plaintiff

FILED IN MY OFFICE
DISTRICT COURT CLERK
9/13/2017 9:36:05 PM
STEPHEN T. PACHECO
Ginger Sloan

| SUMMONS ||
|---|---|
| **First Judicial District Court**<br>Santa Fe County, New Mexico<br>225 Montezuma Ave<br>Santa Fe, NM 87501<br>**Court Telephone:** (505) 455 - 8250 | Case Number: D101-CV-2017-02323<br><br>Judge:   Hon. Raymond Z. Ortiz |
| Plaintiff:   Sid Childress<br>v.<br>Defendants:   Liberty Mutual Insurance Company | Defendant name:   Liberty Mutual Insurance Company<br>Address:   c/o Office of New Mexico Superintendent of Insurance |

**TO THE ABOVE NAMED DEFENDANT**: Take notice that:

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 13th day of September, 2017

Stephen T Pacheco

CLERK OF COURT

By: /s/ Ginger Sloan
    Deputy

/s/ Sid Childress

Sid Childress, Lawyer
PO Box 2327
Santa Fe, NM 87504
505-433-9823
Attorney for Plaintiff

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF _____     )ss
COUNTY OF _____    )

I, being duly sworn on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, 2017, by delivering a copy of this summons, with a copy of the Complaint attached, in the following manner:  **(check one box and fill in appropriate blanks)**

Describe:

_____

_____

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

_____        Fees: _____
Signature of person making service

Subscribed and sworn to before me this _____ day of _____, 2017

_____        _____
Judge, notary or other officer authorized to administer oaths         Official Title