IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SID CHILDRESS,

       Plaintiff,

v.                                    CIV 17-1051 MV/KBM

LIBERTY MUTUAL INSURANCE COMPANY,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to File
Second Amended Complaint (*Doc. 17*), filed December 8, 2017, and fully briefed
February 6, 2018 (*Docs. 23, 26*). On January 29, 2018, the Honorable Martha Vazquez
referred this motion to me for a recommended disposition. *Doc. 25.* Having reviewed the
Motion, the proposed Second Amended Complaint, Defendant's Response in
Opposition, and having conducted oral arguments, the Court finds that the proposed
amendment presents significant changes to the original complaint such that it would
introduce undue delay and unduly burden Defendant. Thus, the Court will recommend
denial of the Motion.

I.      **Background**

Plaintiff first filed his *pro se* Complaint for Violations of the Telephone Consumer
Protection Act, the Unfair Practices Act and Torts in state court on August 14, 2017.
That filing came just over one hour after Plaintiff allegedly received the offending
telephone call that is at issue in this case. Plaintiff amended the complaint once as a

matter of course on September 13, 2017, to correctly name the Defendant and to add conduct by "lead generators" for his claim of vicarious liability. Defendant removed the case to this federal district court on October 19, 2017.

Plaintiff Sid Childress is an attorney practicing in the field of real estate, business-to-business debt collection, probate, trust and estate disputes, and consumer protection. *Doc. 23-1.* He specializes in suing "telemarketers who unlawfully robocall and auto-dial cell phones, thereby harassing many people every day and willfully invading their privacy in violation of the Telephone Consumer Protection Act ("TCPA")." *Doc. 23-7.* Indeed, since 2016, Plaintiff has filed suit in this federal district court as Plaintiff and/or class representative in six other TCPA actions.

The instant case arises from an alleged single prerecorded telephone call Plaintiff received on August 14, 2017 from a third-party caller identified as "Jason" from "Cheap Insurance Experts." After listening to the prerecorded message and answering questions, Plaintiff was transferred to a live caller identified as "Steve Ross" from Liberty Mutual Insurance Company. When Plaintiff began asking the caller why he received this "robocall," Plaintiff alleges the call was disconnected. Plaintiff contends that his phone number was on the Federal "Do Not Call Registry" at the time and that this "robocall" violated the TCPA. Plaintiff proceeded *pro se* until December 7, 2017, when his current counsel entered their appearance. On December 8, 2017, Plaintiff's counsel filed the motion at issue.

## II.     Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides:

*(1) Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

2

> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> *(2) Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

While Rule 15(a) encourages liberal granting of leave to amend, denying such leave may be justified upon showing of undue burden, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West. Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

Leave to amend may also be refused on the grounds of untimeliness or undue delay. *Id.* Undue delay occurs where the plaintiff's amendments "make the complaint a moving target." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 1998) (quoting *Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 799-800 (10th Cir. 1998)). Undue delay may also occur when the plaintiff knew or should have known all of the information on which the proposed amendment is based before the filing of an earlier complaint. *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (noting that proposed amended complaint "was not based on new evidence unavailable at the time of the original filing"). "Untimeliness alone may be sufficient basis for denial of leave to amend . . . . Prejudice to the opposing party need not also be shown." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182 (10th Cir. 1990).

### III. Analysis

Plaintiff argues leave should be granted because his First Amended Complaint was filed without the benefit of current counsel and without the benefit of Defendant's Motion to Dismiss, which addressed certain alleged deficiencies. Additionally, Plaintiff suggests the amended complaint will streamline the judicial process, because it clarifies the allegations, removes claims for violations of the New Mexico Unfair Practices Act as well as claims for nuisance, trespass, and intentional infliction of emotional distress, and eliminates the need for the Court to rule on Defendant's Motion to Dismiss. In response, Defendant extends the following argument:

> Plaintiff mischaracterizes the nature of his first amendment, why he claims to need yet another amendment, and the substance and scope of his proposed Second Amended Complaint. Further, Plaintiff's argument that "none of the relevant factors justifying denial of a motion for leave to amend [under Rule 15(a)(2)] are present" (Motion at 3) is unavailing. In fact, there are several factors justifying denial of the Motion, including that (a) Plaintiff already knew or should have known the facts upon which his proposed amendment is based but failed to plead them previously, (b) Liberty would be unduly prejudiced by the proposed amendment, (c) the true purpose of the Motion is to avoid dismissal, which is improper, and (d) the Motion was not made in good faith.

*Doc. 23* at 2.

While Plaintiff was indeed without current counsel's guidance when he filed the First Amended Complaint*, **Plaintiff is not the typical pro se litigant**.* In fact, he is well-versed in pursuing claims involving the TCPA. *See Docs. 23-2, 23-3, 23-9.* In an interview with the *Santa Fe New Mexican*, Plaintiff boasted that he received $50,000 in settlements as of January 2017 from TCPA cases. *Doc. 23-10* at 2. In fact, undisputed New Mexico state court records reflect that Plaintiff filed in that forum 29 TCPA lawsuits between October 2015 and January 2017. Plaintiff's knowledge and experience with

this particular type of action in both state and federal court render suspect his argument that insufficiencies in the First Amended Complaint arose simply because the complaint was not drafted by his present counsel.

Equally dubious is Plaintiff's argument that the proposed Second Amended Complaint will streamline this case by narrowing the scope of the action. While it is true that the Second Amended Complaint discards certain claims, Plaintiff fails to acknowledge other substantial and extensive changes in the proposed Second Amended Complaint; indeed, the two complaints share only about 30 consecutive words. The proposed Second Amended Complaint has been reformatted and reworded, establishes new legal theories, and seeks a completely different class certification. The original and First Amended Complaints sought certification of a class of _New Mexico_ residents based on the New Mexico Unfair Practices Act. In contrast, the proposed Second Amended Complaint seeks certification of a _nationwide_ class based on the TCPA. The expansion of this claim drastically changes the landscape of the litigation, including the anticipated discovery process, discovery expenses, and potential liability to Defendant.

Leave to amend should be granted freely when new evidence comes to light that was not available at the time of the original filing. Here, however, changes in the proposed Second Amended Complaint are based on information Plaintiff knew or should have known at the time of filing his original and First Amended Complaint. Over six months have passed since the filing of Plaintiff's First Amended Complaint, and he has offered no valid justification for failing to include the changes he now proposes in that amendment. Plaintiff's decision not to advance these new legal theories until faced

with the possibility of dismissal creates undue delay, which is itself a sufficient ground to deny leave to amend. *See, e.g. Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452 (10th Cir. 1991).

In addition to undue delay, Plaintiff's proposed changes present an undue burden for Defendant. Defendant filed a motion to dismiss based on the First Amended Complaint, and Plaintiff responded. Allowing the proposed Second Amended Complaint would essentially require Defendant to begin this case anew, addressing new legal theories, allegations, and changes to the class certification request. Admittedly, this case is closer to the beginning of litigation than to the end. Nevertheless, at this juncture, permitting the filing of the significantly different and greatly expanded proposed amended complaint would result in the unjustified expenditure of significant time and resources by Defendant.

In summary, Plaintiff's untimely proposed Second Amended Complaint represents the type of "moving target" that would introduce undue delay. Attorney Childress *before filing the original complaint* clearly knew all of the information – factual and legal – on which the proposed changes are based. Defendant has already expended attorney fees and cost in pursuing the motion to dismiss, and the proposed expansion of this lawsuit from a single, offending phone call to potential nationwide class action, would require even greater resources to bring the case to a conclusion. That said, no showing of prejudice to the opposing party is even necessary where, as here, untimely amendment is sought. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182 (10th Cir. 1990).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the Court deny Plaintiff's Motion for Leave to File Second Amended Complaint (*Doc. 17*).

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE