IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SID CHILDRESS, on behalf of herself and
others similarly situated,

       Plaintiff,

v.                                                                  No. 17-CV-1051 MV/KBM

LIBERTY MUTUAL INSURANCE COMPANY,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice [Doc. 6]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be granted.

## **BACKGROUND**

The facts as alleged in the Amended Complaint are as follows. On August 14, 2017, at approximately 10:22 a.m. MT, Plaintiff Sid Childress received a telephone call on his cellular phone, which is listed on the national do-not-call registry. Doc. 1-1 at ¶ 10. According to Plaintiff's caller identification, the telephone call came from telephone number 505-780-9813. Id. When Plaintiff answered the call, "he was greeted by a machine that played a pre-recorded message." *Id.* The message indicated that the caller was "Jason" from "Cheap Insurance Experts." *Id.* at ¶ 12. After listening to the prerecorded message and answering questions, Plaintiff was transferred to a "live person telemarketer employed by Defendant [Liberty Mutual Insurance Company] who identified himself as "Steve Ross" and indicated that he was located at

a call center in Dallas, Texas. *Id.* at ¶ 11. Plaintiff began asking "Steve Ross" "questions related to Plaintiff's interest in why he was being robo-called" and who the telemarketer was. *Id.* at ¶ 14. "Steve Ross" then "hung up the phone on Plaintiff." *Id.*

An hour later, Plaintiff filed in state court his *pro se* Complaint for Violations of the Telephone Consumer Protection Act, the Unfair Practices Act and Torts against Defendant. Plaintiff amended the complaint once as a matter of right on September 13, 2017, to correctly name Defendant and to add conduct by "lead generators" for his claim of vicarious liability. Defendant removed the case to this Court on October 19, 2017.

On November 20, 2017, Defendant filed the instant motion to dismiss Plaintiff's Amended Complaint in its entirety. Doc. 6. Thereafter, Plaintiff retained counsel, who entered an appearance on December 7, 2017. Doc. 14. On December 8, 2017, Plaintiff filed both a response in opposition to Defendant's motion, Doc. 19, and a motion for leave to file a second amended complaint. Doc. 17.

This Court referred Plaintiff's motion for leave to amend to Magistrate Judge Karen B. Molzen. On May 1, 2018, Judge Molzen entered her Proposed Findings and Recommended Disposition ("PFRD"). Doc. 36. In the PFRD, the Court found that "Plaintiff's untimely proposed Second Amended Complaint represents the type of 'moving target' that would introduce undue delay." *Id.* at 6. The Court noted that Plaintiff – who "is not the typical pro se litigant", but rather is "well-versed in pursuing claims involving the TCPA" – "clearly knew all of the information – factual and legal – on which the proposed changes [were] based." *Id.* Further, the Court found that Defendant has already expended considerable fees and cost in pursuing its motion to dismiss, and that "the proposed expansion of this lawsuit from a single, offending phone call to potential nationwide class action, would require even greater resources to

2

bring the case to a conclusion." *Id.* No objections were filed to the PFRD, and on June 4, 2018, this Court entered an Order adopting the PFRD. Doc. 38. Thereafter, Defendant filed its reply in further support of its motion to dismiss. Doc. 40.

## LEGAL STANDARD

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

The Court in *Iqbal* identified "two working principles" in the context of a motion to dismiss. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *see Twombly*, 550 U.S. at 570 (holding that a plaintiff must "nudge" her claims "across the line from conceivable to plausible"). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (citation omitted).

In keeping with these two principles, the Court explained,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Id.* at 679.

## DISCUSSION

In the Amended Complaint, Plaintiff alleges claims under the Telephone Consumer Protection Act ("TCPA"), claims under the New Mexico Unfair Practices Act ("UPA"), and three state common law claims. In response to Defendant's motion to dismiss all of these claims, Plaintiff indicates that he does not intend to pursue his claims under the UPA or his state law causes of action, and thus "seeks to dismiss such claims at this time." Doc. 19 at 4. Accordingly, the only claims Plaintiff wishes to pursue are those alleged under the TCPA. As set forth herein, the Court agrees with Defendant that Plaintiff's TCPA claims are subject to dismissal pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiff seeks to hold Defendant liable under the TCPA for the telemarketing call that he received on August 14, 2017. Specifically, in the Amended Complaint, Plaintiff asserts that he

4

"brings this action pursuant to 47 U.S.C. § 227 to enjoin Defendant's unlawful behavior and require compliance with federal law regarding auto-dialers and robo-calls to wireless or cell phones." Doc. 1-1 at 29. In relevant part, the TCPA makes it unlawful for anyone "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a cellular telephone service . . . or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii).

Defendant argues that Plaintiff has failed to adequately plead that Defendant has any direct or vicarious liability under Section 227(b)(1)(A)(iii), because the Amended Complaint is devoid of allegations either that Defendant made the telephone call at issue, or that Defendant was in an agency relationship with whoever did make that call. The Court agrees.

First, with regard to direct liability, "[t]he plain language of section 227(b)(1)(A)(iii) imposes liability upon persons that 'make' a telephone call or text." *Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-02440, 2015 WL 7736547, at *4 (S.D.N.Y. Nov. 39, 2015). Courts interpreting this provision "have held that the verb 'make' imposes civil liability only on the party that places the call or text." *Id.* (citing *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015) ("By its terms, 47 U.S.C. § 227(b)(1)(A)(iii), assigns civil liability only to the party who 'makes' a call."); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301-02 (D. Nev. 2014) (associating the party who 'made' the call with 'the party who actually sent the text message to [Plaintiff]"); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014) ("The plain language of the TCPA assigns civil liability to the party who 'makes' a call" and '[d]irect liability is inapplicable here as the parties do not dispute that the actual sender of the text was . . . a separate provider of text-message based services . . .")).

In the Amended Complaint, there are no factual allegations that Defendant actually made the telephone call at issue. Instead, Plaintiff alleges that the caller was someone named "Jason" from "Cheap Insurance Experts." Doc. 1-1 at ¶ 12. Plaintiff asserts in an entirely conclusory fashion that "Jason" was a "fake name" and that the call was made by "Defendant's pre-recorded message robot machine." *Id.* at ¶¶ 11-12. There are no factual allegations, however, to support Plaintiff's conclusory assertions that the call was made by *Defendant's* "robot machine." The mere conclusion that the "robot machine" responsible for the call belonged to Defendant, without any factual allegations to support that conclusion, does not constitute a factual allegation that, if proven, would establish that Defendant "made," or "physically placed" the call to Plaintiff's cell phone. *Melito*, 2015 WL 7736547, at *4. Accordingly, the Amended Complaint is insufficient to state a claim that is plausible on its face under Section 227(b)(1)(A)(iii).

Next, with regard to vicarious liability, "[a] defendant is vicariously liable for violations of the TCPA where common law principles of agency would impose it." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018) (citing *Kristensen*, 879 F.3d at 1014 (actions under the TCPA "incorporate federal common law agency principles of vicarious liability" as derived from the Restatement (Third) of Agency)). "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Melito*, 2015 WL 7736547, at * 6 (quoting Restatement (Third) of Agency, § 1.01 (2006)). "[T]o plead vicarious liability under the TCPA in accordance with traditional tort principles, Plaintiff[] must allege *some* facts regarding the relationship between an alleged principal and agent . . . and cannot simply allege general control in a vacuum." *Id.* at *7 (emphasis in original).

The Amended Complaint fails to allege any agency relationship between Defendant and any individual or entity allegedly responsible for making the telephone call at issue. Plaintiff alleges that he received a call from a "machine that played a pre-recorded message," during which the caller identified himself as "Jason" from "Cheap Insurance Experts." Doc. 1-1 at ¶ 12. While Plaintiff makes the unsupported conclusion that the pre-recorded message actually came from Defendant's "robot machine," he alleges no facts to support this conclusion. Indeed, to the contrary, he alleges that the voice on the recorded message "never accurately identified themselves, their employer or the sponsor of the call." *Id.* Thus, even by Plaintiff's own account, there is no factual basis to support the theory that Defendant is vicariously liable for the initial call made to Plaintiff.

Plaintiff's arguments to the contrary are unavailing. First, in support of his claim that Defendant is vicariously liable under the TCPA, Plaintiff contends that his allegations sufficiently "link[] [Defendant] to the call to Plaintiff." Doc. 19 at 5-6. The only "link" alleged in the Amended Complaint, however, is that Plaintiff was transferred from the initial recorded message to Defendant's in-house telemarketer. The transfer of the call, however, does not establish that Defendant exerted control over the initiator of the call, supervised or controlled the initial call, or maintained any sort of relationship with the initiator of the call, and thus is insufficient to establish an agency relationship between the transferor and Defendant. *See Jones*, 887 F.3d at 450. In further support of his vicarious liability theory, Plaintiff notes that the Amended Complaint alleges that "Defendant is vicariously liable for the conduct of its telemarketers," "had the authority and responsibility to prevent or correct the unlawful telemarketing practices," and "ratified, directed and/or authorized the unlawful telemarketing practices." Doc. 19 at 5-6. These statements, however, are not factual allegations but rather

legal conclusions that merely recite the elements required to show an agency relationship. The case law is clear that such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice to state a claim. *Iqbal*, 556 U.S. at 678.

Absent from the Amended Complaint is any factual content regarding the relationship between the initial caller and Defendant. Mere conclusory allegations that the "robot machine" belonged to Defendant, coupled with allegations that the initial call was transferred to Defendant's in-house telemarketer, are insufficient to establish that Defendant had the right to control the initiation of the telephone call to Plaintiff. Accordingly, Plaintiff's allegations fail to plead any relationship, let alone an *agency* relationship, between Defendant and any other individual or entity sufficient to allege vicarious liability under Section 227(b)(1)(A)(iii). *See Panacci v. A1 Solar Power, Inc.*, No. 15-CV-532, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (complaint dismissed for failure to state a TCPA vicarious liability claim where plaintiff did not allege that defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" the third-party caller and had "virtually no allegations regarding the relationship between [the defendant] and [the third party]"); *Bank v. Alliance Health Networks, LLC*, No. 15-CV-213, 2015 WL 4645317, at *1 (E.D.N.Y. Aug. 4, 2-15), *aff'd*, 669 F. App'x 584 (2d Cir. 2016) (complaint in which plaintiff "allege[d] merely that the calls at issue were made 'by, or on behalf of, or with the authorization of [the defendants]'" was insufficient to state a vicarious liability claim); *Reo v. Carribean Cruise Line, Inc.*, No. 14-CV-1374, 2016 WL 1109042, at *5 (N.D. Ohio Mar. 18, 2016) (dismissing TCPA vicarious liability claim where "the sparse allegations made d[id] not allege any facts that show that [defendant] had any power to give interim instructions or otherwise had any control over the performance of" alleged third-party callers).

**CONCLUSION**

Plaintiff has consented to dismissal of all of his claims save those under the TCPA. As set forth herein, Plaintiff has failed to state a claim of direct or vicarious liability under the TCPA. Accordingly, Plaintiff's Amended Complaint is subject to dismissal in its entirety.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint with Prejudice [Doc. 6] is **GRANTED** and Plaintiff's claims are dismissed with prejudice.

DATED this 28th day of September, 2018.

_____
MARTHA VAZQUEZ
United States District Judge